# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JEFFREY LEBLANC,

                    Plaintiff,                   Case Number: 5:15-CV-10706
                                                   HON. JOHN CORBETT O'MEARA

v.

FEDERAL GOVERNMENT,

                    Defendant.

_____/

## ORDER DENYING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE

Michigan state prisoner Jeffrey LeBlanc has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The complaint alleges that Defendant, the Federal Government, was involved in the illegal prosecution of Plaintiff. Plaintiff seeks monetary damages and his immediate release. Plaintiff has requested that he be permitted to proceed *in forma pauperis* in this case. See 28 U.S.C. § 1915(a)(1) (1996). For the reasons stated below, the Court will deny Plaintiff leave to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(g).

Indigent prisoners may seek to bring a civil action without prepayment of the fees and costs for the action. 28 U.S.C. § 1915(a)(2). A prisoner, however, may be barred from proceeding *in forma pauperis* in a civil action under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted.  28 U.S.C. § 1915(g) (1996); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").  Plaintiff has filed four prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  *See LeBlanc v. Kalamazoo County Sheriff,* No. 1:14-cv-305 (W.D. Mich. July 29, 2014); *LeBlanc v. State of Michigan*, No. 1:14-cv-552 (W.D. Mich. June 19, 2014); *LeBlanc v. Kalamazoo County Government,* No. 1:14-cv-308 (W.D. Mich. May 21, 2014); *LeBlanc v. State of Michigan*, No. 1:14-cv-237 (W.D. Mich. March 26, 2014).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To establish that his complaint falls within the

2

exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) ("[T]he threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.") (quotation and citation omitted).  Plaintiff's allegations that Defendant was involved in his illegal prosecution do not fall within the "imminent danger" exception of § 1915(g).  *See Fontroy v. Owens*, No. 12-4679, 2012 WL 4473216, *2 (E.D. Pa. Sept. 28, 2012) (prisoner's claim challenging the validity of his conviction did not allege imminent danger of serious physical injury); *Gray v. Clerk*, No. 5:10-cv-46; 2010 WL 553819, *1 (M.D. Ga. Feb. 8, 2010) ("Plaintiff's claims of unlawful confinement do not remotely approach allegations of 'imminent danger of serious physical injury'").

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 2).  Additionally, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee.

**SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date:  March 19, 2015

3

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 19, 2015, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager